UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

_____
                                :
TODD DORN,                      :
                                :
         Plaintiff,             :   Civ. No. 15-6094 (NLH)
                                :
     v.                         :   OPINION
                                :
LEE HUGHES, ESQ., et al.,       :
                                :
         Defendants.            :
_____:

APPEARANCES:
Todd Dorn, #406042B/776752
South Woods State Prison
215 Burlington Road South
Bridgeton, NJ 08302
     Plaintiff pro se


HILLMAN, District Judge

     Plaintiff Todd Dorn, a prisoner confined at South Woods

State Prison in Bridgeton, New Jersey, brings this civil rights

action pursuant to 42 U.S.C. § 1983 and submits an application

to proceed in forma pauperis.  The Court finds that Plaintiff

has submitted a complete application to proceed in forma

pauperis and grants leave to proceed without prepayment of fees.

See 28 U.S.C. § 1915.

     The Court will now review the Complaint to determine

whether it should be dismissed as frivolous or malicious, for

failure to state a claim upon which relief may be granted, or

because it seeks monetary relief from a defendant who is immune

from such relief. See 28 U.S.C. § 1915(e)(2) (in forma pauperis actions); 28 U.S.C. § 1915A (actions in which prisoner seeks redress from a governmental defendant). For the reasons set forth below, the Complaint will be dismissed with prejudice for failure to state a claim upon which relief will be granted.[1]

## I.    BACKGROUND

Plaintiff explains that he was arrested on March 22, 2011 as a result of a traffic stop. (Compl. 6, ECF No. 1). Based on the Statement of Fact and Procedural History section of the Complaint, the Court infers that attorney Lee Hughes was assigned as Plaintiff's public defender. (Id.). Plaintiff asserts that Mr. Hughes was not effective in his representation. In his Complaint, Plaintiff lists all the ways in which he believes his Sixth Amendment right to effective assistance of counsel was violated. (Compl. 7, ECF No. 1).

Plaintiff then states that on January 2, 2012, attorney Murray Sufrin came to the Atlantic County Jail, where Plaintiff was incarcerated, and informed Plaintiff that he was taking over for Mr. Hughes. (Compl. 8, ECF No. 1). Plaintiff explains that he made specific requests to Mr. Sufrin regarding his representation; including requests for evidence and witnesses he

---

[1] The Court notes that Plaintiff recently filed a separate action pursuant to 42 U.S.C. § 1983 which, likewise, is dismissed for failure to state a claim upon which relief can be granted. See Dorn v. Aguilar, et al., No. 15-6011 (NLH) (Aug. 5, 2015).

wanted Mr. Sufrin to locate, records he wanted Mr. Sufrin to obtain, and motions he wanted Mr. Sufrin to file. (Id.). Plaintiff states that Mr. Sufrin refused these requests, told Plaintiff he was requesting too much, and ultimately threatened Plaintiff.  Plaintiff states that he wrote to the judge and to the public defender's office to express his disapproval of Mr. Sufrin's representation, but he did not receive a response.  In his Complaint, Plaintiff lists all the ways in which he believes his Sixth Amendment right to effective assistance of counsel was violated by Mr. Sufrin. (Compl. 9, ECF No. 1).

Plaintiff names Mr. Hughes, Mr. Sufrin, and the Atlantic County Public Defender's Office as defendants in this action. However, Plaintiff does not provide any factual allegations directly relating to the Public Defender's Officer.

Plaintiff seeks relief in the form of punitive damages for "pain and suffering, damages to my children for loss of their father and the pain and suffering they went through." (Compl. 10, ECF No. 1).

## II.  STANDARDS FOR A SUA SPONTE DISMISSAL

Every complaint must comply with the pleading requirements of the Federal Rules of Civil Procedure.  Rule 8(a)(2) requires that a complaint contain "a short and plain statement of the claim showing that the pleader is entitled to relief."  "Specific facts are not necessary; the statement need only 'give

the defendant fair notice of what the ... claim is and the grounds upon which it rests.'" Erickson v. Pardus, 551 U.S. 89, 93 (2007) (citations omitted).

> While a complaint ... does not need detailed factual allegations, a plaintiff's obligation to provide the "grounds" of his "entitle[ment] to relief" requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do ... . Factual allegations must be enough to raise a right to relief above the speculative level ... .

Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007) (citations omitted).

That is, a complaint must assert "enough facts to state a claim to relief that is plausible on its face." Id. at 570. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (citing Twombly, 550 U.S. at 556). The determination of whether the factual allegations plausibly give rise to an entitlement to relief is "'a context-specific task that requires the reviewing court to draw on its judicial experience and common sense.'" Bistrian v. Levi, 696 F.3d 352, 365 (3d Cir. 2012) (citations omitted). Thus, a court is "not bound to accept as true a legal conclusion couched as a factual allegation," and "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory

statements, do not suffice." Ashcroft v. Iqbal, 556 U.S. at 678 (citations omitted).

In determining the sufficiency of a pro se complaint, the Court must be mindful to accept its factual allegations as true, see James v. City of Wilkes-Barre, 700 F.3d 675, 679 (3d Cir. 2012), and to construe it liberally in favor of the plaintiff, see Haines v. Kerner, 404 U.S. 519, 520-21 (1972); United States v. Day, 969 F.2d 39, 42 (3d Cir. 1992).

In general, where a complaint subject to statutory screening can be remedied by amendment, a district court should not dismiss the complaint with prejudice, but should permit the amendment. Denton v. Hernandez, 504 U.S. 25, 34 (1992); Grayson v. Mayview State Hospital, 293 F.3d 103, 108 (3d Cir. 2002) (noting that leave to amend should be granted "in the absence of undue delay, bad faith, dilatory motive, unfair prejudice, or futility of amendment"), cited in Thomaston v. Meyer, 519 F. App'x 118, 120 n.2 (3d Cir. 2013); Urrutia v. Harrisburg County Police Dept., 91 F.3d 451, 453 (3d Cir. 1996).

## III. SECTION 1983 ACTIONS

A plaintiff may have a cause of action under 42 U.S.C. § 1983 for certain violations of his constitutional rights. Section 1983 provides in relevant part:

> Every person who, under color of any statute,
> ordinance, regulation, custom, or usage, of any State
> or Territory ... subjects, or causes to be subjected,

any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress ... .

Thus, to state a claim for relief under § 1983, a plaintiff must allege, first, the violation of a right secured by the Constitution or laws of the United States and, second, that the alleged deprivation was committed or caused by a person acting under color of state law. West v. Atkins, 487 U.S. 42, 48, 108 S.Ct. 2250, 2255, 101 L.Ed.2d 40 (1988); Malleus v. George, 641 F.3d 560, 563 (3d Cir. 2011).

IV.  ANALYSIS

Even construing Plaintiff's pro se submission liberally, there are no factual allegations present in the Complaint which could form the basis of a cause of action under § 1983. Plaintiff has named as defendants in this action two public defenders and the Atlantic County Public Defender's Office. However, public defenders are not "persons" within the meaning of 42 U.S.C. § 1983. See Polk Cnty. v. Dodson, 454 U.S. 312, 325, 102 S. Ct. 445, 70 L. Ed. 2d 509 (1981) (holding that a public defender, although paid and ultimately supervised by the state, "does not act under color of state law when performing the traditional functions of counsel to a criminal defendant."); see also Vermont v. Brillon, 556 U.S. 81, 91, 129 S.Ct. 1283,

173 L.Ed.2d 231 (2009) ("Unlike a prosecutor or the court, assigned counsel ordinarily is not considered a state actor."); Gause v. Haile, 559 F. App'x 196, 198 (3d Cir. 2014); Xenos v. Slojund, 424 F. App'x 80, 81 (3d Cir. 2011) (per curiam) ("A defense attorney 'does not act under color of state law when performing a lawyer's traditional functions as counsel in a criminal proceeding.'" (quoting Polk Cnty., 454 U.S. at 325)); Calhoun v. Young, 288 F. App'x 47, 49 (3d Cir. 2008) (public defender representing criminal defendant is not acting under color of state law).

Plaintiff, therefore, cannot sustain a § 1983 claim against his public defenders or the public defender's office because they were not "acting under color of state law." Accordingly, the Complaint must be dismissed with prejudice.

V.   CONCLUSION

For the reasons set forth above, the Complaint will be dismissed pursuant to 28 U.S.C. §§ 1915(e)(2)(B)(ii) for failure to state a claim. Because any amendment to the Complaint would be futile, the dismissal shall be with prejudice. See Grayson, 293 F.3d at 108 (a district court may deny leave to amend under Rule 15(a) when amendment is futile).

An appropriate Order follows.

___s/ Noel L. Hillman_____
NOEL L. HILLMAN
United States District Judge

7

Dated: September 1, 2015
At Camden, New Jersey